JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Cordon Smith ("defendant"), appeals following his convictions and sentence for failure to comply with order or signal of a police officer; tampering with evidence; aggravated robbery; two counts of assault on a police officer; receiving stolen property; and having a weapon while under disability. Defendant maintains that his convictions for tampering with evidence, aggravated robbery and receiving stolen property were based on insufficient evidence and/or were against the manifest weight of the evidence. For the reasons that follow, we affirm.
 {¶ 2} The parties agree that the only testimony pertinent to this appeal is that of police officers Michael Keane, Daniel Lentz, James Jackson, and Andrew Papaleo.
 {¶ 3} Keane testified that in June 2005 he was assigned to patrol the Third District on the third shift. On June 28, 2005, he arrested defendant and co-defendant, Eric McCay. He received a radio assignment for a male robbed on Broadway Avenue outside a Family Dollar store. In the process of looking for suspects, Keane observed a red Pontiac Grand Am being recklessly operated by defendant, who went through a stop sign at a speed of 50-60 miles per hour. This occurred around 2:30 a.m. in the area of Morgan Avenue and East 65th Street. Defendant drove across an uneven railroad track by East 65th and Bessemer at a *Page 4 
high speed, left of center, and almost struck another vehicle. The officers activated their lights and sirens but the defendant refused to stop.
 {¶ 4} Keane observed the front seat passenger, co-defendant McCay, throwing property out of the window as the vehicle turned eastbound onto a deadend street. Defendant "braked extremely hard and crashed into a house." Keane's partner, Officer Lentz, went in a foot pursuit of defendant, who had "bailed out" of the car, while Keane ran around to the passenger side of the car. McCay continued to throw property out of the car. Keane arrested McCay and placed him in the rear of the zone car. Keane then went to look for Lentz, who was chasing the defendant. Other officers located Lentz first and assisted in taking defendant into custody.
 {¶ 5} Keane observed that Lentz was "all shook up," his clothes were dirty, and he was picking up some of his property off the ground.
 {¶ 6} Keane returned to the Grand Am and found several pieces of evidence: a rifle in the back seat; some coins; credit cards; and paperwork belonging to several different people. Keane identified a wallet and a lot of paperwork that was found on the ground outside the car. Police also located another wallet that had been thrown out of the vehicle at East 65th Street and Newman, which belonged to the victim of the robbery that had been radio broadcasted to them.
 {¶ 7} Officer Lentz corroborated that he and Keane attempted, without success, to pull over the Grand Am driven by defendant on June 28, 2005. He too observed several items "flying out the window" on both sides of the Grand Am *Page 5 
during the high speed car chase. The Grand Am crashed into a house. The minute defendant got out of the car and started to run, Lentz chased him. Lentz yelled for help and tried to call in his location.
 {¶ 8} Lentz tackled the defendant and they fell to the ground. Defendant punched Lentz in the face and cut the underside of his chin. Defendant took Lentz's pepper spray. Lentz started fighting over different objects on his belt that were being removed by defendant and ultimately he felt defendant tugging his gun, which came halfway out of its holster. Defendant had both of his hands on Lentz's gun. The gun came out of the holster. At that point, Lentz began punching defendant everywhere and was able to cause defendant to release his weapon. Lentz continued to call for assistance and was in fear for his life. He continued to wrestle with defendant until other officers arrived to assist him in securing defendant's arrest.
 {¶ 9} Det. Jackson investigated the robbery on Newman Avenue that involved Officer Lentz. Jackson prepared a report, including the information he obtained from Officer Lentz. Lentz reported that as he was trying to arrest defendant, defendant grabbed at Lentz's gun holster. Officer Lentz got hurt fighting with defendant, including "a hole in his hand and a cut on his face."
 {¶ 10} Det. Papaleo also assisted the officers in apprehending defendant on June 28, 2005. He received a radio call from Officer Lentz for assistance. When he and his partner arrived, Officer Lentz was in the middle of the street sitting down, holding onto defendant. It appeared the two had been fighting for awhile. Defendant *Page 6 
was still resisting. Papaleo attempted to subdue defendant. In the process, Det. Papaleo suffered a fractured finger. The first words out of Lentz's mouth were "he was trying to get my gun." Det. Papaleo saw that Officer Lentz's pants were ripped and his face was scratched.
 {¶ 11} Following defendant's bench trial, the court found him guilty of failure to comply (count five); tampering with evidence (count six); aggravated robbery of Officer Lentz (count seven) but not guilty of the gun specifications; assault on a peace officer (count eight); assault (a lesser included offense under count nine); receiving stolen property (count ten); and having a weapon while under disability (count twelve). Defendant was sentenced and timely appealed.
 {¶ 12} "I. The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that appellant was guilty of tampering with evidence, aggravated robbery, and receiving stolen property."
 {¶ 13} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. *Page 7 
 {¶ 14} Defendant believes the trial court erred by denying his motion for acquittal concerning the counts of tampering with evidence, aggravated robbery, and receiving stolen property.
 Tampering With Evidence {¶ 15} R.C. 2921.12(A)(1) provides:
 {¶ 16} "(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 {¶ 17} "(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]"
 Aggravated Robbery {¶ 18} R.C. 2911.01(B) provides:
 {¶ 19} "(B) No person, without privilege to do so, shall knowingly remove or attempt to remove a deadly weapon from the person of a law enforcement officer, or shall knowingly deprive or attempt to deprive a law enforcement officer of a deadly weapon, when both of the following apply:
 {¶ 20} "(1) The law enforcement officer, at the time of the removal, attempted removal, deprivation, or attempted deprivation, is acting within the course and scope of the officer's duties;
 {¶ 21} "(2) The offender knows or has reasonable cause to know that the law enforcement officer is a law enforcement officer." *Page 8 
 Receiving Stolen Property {¶ 22} R.C. 2913.51 provides:
 {¶ 23} "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
 {¶ 24} Officers Keane and Lentz were responding to a radio broadcast of a robbery when they observed defendant driving his vehicle recklessly and beyond the speed limit. Defendant failed to comply with the officers' signal to pull over. As the officers pursued the vehicle, they saw objects being thrown out of both sides of the car that defendant was driving. Defendant failed to stop his vehicle and drove in a reckless manner until he crashed into a house. At that point, he fled on foot until he was tackled by Officer Lentz. Then, defendant resisted and fought with Officer Lentz causing Lentz to suffer injuries. In addition, defendant took items from Lentz during the struggle, including Lentz's firearm. Subsequently, items were recovered from outside the car and on the streets where they had been discarded during the car chase. These items included paperwork and credit cards that belonged to other people, including the victim of the radio-broadcasted robbery.
 {¶ 25} Construing the evidence in a light most favorable to the State, there was sufficient evidence to support convictions on the counts of tampering with evidence, aggravated robbery of Officer Lentz, and receiving stolen property.
 {¶ 26} Assignment of Error I is overruled. *Page 9 
 {¶ 27} "II. Appellant's convictions for tampering with evidence, aggravated robbery, and receiving stolen property were against the manifest weight of the evidence."
 {¶ 28} To warrant reversal from a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 29} Defendant maintains that Officer Lentz's testimony is suspect and lacks credibility. Defendant points to Officer Keane's observations of co-defendant McCay throwing things out of the passenger window. Defendant further maintains that the stolen items were found on the ground outside the car thrown out by the passenger. Contrary to defendant's assertion, the record contains testimony that stolen property was not only found outside the passenger side of the car where the vehicle crashed, but it was also found discarded along the path of the preceding car chase. Further, much of Officer's Lentz's testimony is corroborated by that of the other officers who arrived to assist him, including that Lentz immediately stated defendant was trying to take his gun. Lentz's pants were ripped, his clothes were dirty, his face was scratched, and he was struggling to maintain his hold on defendant, who was continuing to resist him. Indeed, Det. Papaleo sustained a fractured finger during his *Page 10 
efforts to subdue defendant. The totality of the record evidence does not cause us to doubt Officer Lentz's testimony that he believed he was in a fight for his life when defendant tried to take his gun. The convictions were not against the weight of the evidence.
 {¶ 30} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, PRESIDING JUDGE
 CHRISTINE T. McMONAGLE, J., and ANN DYKE, J., CONCUR *Page 1